**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ROYAL INTERCO, LLC, *et. al.*, | Case No. 25-10674 (TMH) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 14** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN
THEIR BANK ACCOUNTS AND EXISTING BUSINESS FORMS,
(D) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT
SYSTEM AS NECESSARY, AND (E) CONTINUE ORDINARY COURSE
INTERCOMPANY TRANSACTIONS; (II) EXTENDING THE TIME TO COMPLY
WITH THE REQUIREMENTS OF 11 U.S.C. § 345(b) AND THE U.S. TRUSTEE'S
OPERATING GUIDELINES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order")

(i) authorizing, but not directing, the Debtors to (a) continue to operate their existing cash

management system, (b) honor certain prepetition obligations related thereto, (c) maintain their

existing bank accounts and business forms, (d) implement any changes to the existing cash

management system as the Debtors deem necessary or appropriate, including, without limitation,

opening new bank accounts or closing existing bank accounts, and (e) continue ordinary course

Intercompany Transactions; (ii) extending the Debtors' time to comply with the requirements of

section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines on an interim basis; and

(iii) granting related relief, including the scheduling the Final Hearing; and this Court having

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899).  The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

[2]    Capitalized terms used but not defined herein are defined in the Motion.

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **May 2, 2025, at 11:00 a.m. (ET)**. Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (ET) on April 24, 2025**, and served on the following parties: (i) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 Market Street, 16th Floor, Wilmington, Delaware 19801 (Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com), and Scott D. Jones, Esq. (sjones@morrisnichols.com)); (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Linda J.

Casey, Esq. (linda.casey@usdoj.gov)); (iii) counsel to the Agent for the Debtors' DIP Facility,

Goldberg Kohn, 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603 (Attn: Randall L.

Klein, Esq. (randall.klein@goldbergkohn.com), Eva D. Gadzheva, Esq.

(eva.gadzheva@goldbergkohn.com), and Prisca M. Kim Esq. (prisca.kim@goldbergkohn.com));

and (iv) counsel to any statutory committee appointed in these chapter 11 cases.  In the event no

Objections to entry of a final order on the Motion are timely received, this Court may enter such

final order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, to continue to use the Cash

Management System, including the Bank Accounts set forth on **Exhibit 1**, in the ordinary course

of business and to implement any changes to the Cash Management System as the Debtors deem

necessary or appropriate to the extent not inconsistent with this Interim Order; *provided*, *however*,

that the Debtors shall give notice of any material change to the Cash Management System to the

U.S. Trustee and counsel to any official statutory committee appointed in these Chapter 11 Cases,

within 15 days of such change.

4.      The Debtors are further authorized, but not directed, to: (i) deposit funds in

and withdraw funds from the Bank Accounts by all usual means, including, without limitation, by

check, wire transfer and other methods; (ii) pay postpetition Service Charges; and (iii) otherwise

perform their obligations under the documents governing the Bank Accounts.

5.      The Debtors are authorized, but not directed, to honor and pay all

undisputed Service Charges arising prior to the Petition Date in an amount not to exceed $6,500.

The Banks are hereby authorized to debit, charge or deduct, as applicable, undisputed Service

Charges in the ordinary course of business in accordance with this Interim Order.

6.      The Debtors are authorized to use, in their present form, all Business Forms and other documents related to the Bank Accounts, without reference to their status as debtors in possession, *provided*, *however*, that if the Debtors exhaust their existing check stock during the pendency of these chapter 11 cases, the Debtors will order checks with a notation indicating the designation "debtor in possession" and the lead case number of these cases, *provided further*, that with respect to checks and other Business Forms which the Debtors or their agents print themselves, the Debtors or their agents shall begin printing "debtor in possession" or "DIP" and the case number for these chapter 11 cases on such items within fourteen (14) days of the date of the entry of this Interim Order.

7.      The Debtors are authorized to open new bank accounts or close any Bank Accounts as they may deem necessary and appropriate in their sole discretion without further order of this Court; *provided*, *however*, that the Debtors shall provide the U.S. Trustee and counsel to any official committee appointed in these cases notice of the opening of any new bank accounts or closing of any Bank Account; *provided, further*, that to the extent the Debtors open a new bank account, the Debtors shall open such new bank account(s) at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to execute such an agreement.

8.      Except as otherwise expressly provided in this Interim Order, the Banks are authorized to: (i) continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Accounts;

4

*provided*, *however*, that any check, draft or other notification that the Debtors advise the Banks to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Banks only to the extent authorized by order of the Court; *provided, further,* that the Banks may accept and honor all representations from the Debtors as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and (iii) debit or charge the Bank Accounts for all undisputed Service Charges, consistent with the terms of this Interim Order.

9.      Subject to the terms of this Interim Order, the Banks may rely upon the representations of the Debtors with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Interim Order (i) at the direction of the Debtors or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the Debtors or their estates on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Interim Order.

10.     The Debtors are authorized but not directed to continue performing Intercompany Transactions in the ordinary course of business on a postpetition basis.  All Intercompany Claims arising after the Petition Date shall be identified as such and accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

11.      In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions (including Intercompany Transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

12.      The Debtors shall have 30 days from the date of this Interim Order to comply with the requirements of section 345(b) of the Bankruptcy Code, to the extent applicable, without prejudice to the Debtors' rights to seek a further extension of time or to seek to deviate from the requirements of section 345(b) of the Bankruptcy Code on a further interim or a final basis.

13.      For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within 3 business days of the date of entry of this Interim Order, the Debtors shall (i) contact each Bank, (ii) provide the Bank with each of the Debtors' employer identification numbers, and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

14.      For Banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within 30 days of the Petition Date.

15.      Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

16.     As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Banks.

17.     Notwithstanding the relief granted in this Interim Order, any payment made or to be made by, or other action taken by, the Debtors pursuant to the authority granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief*, filed contemporaneously herewith (collectively, such interim and final orders, the "DIP Orders").  Nothing herein is intended to modify, alter or waive, in any way, any terms, provisions, requirements or restrictions of the DIP Orders.  To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

18.     The Debtors are authorized to take, or cause to be taken, all actions necessary to effectuate the relief granted pursuant to this Interim Order.

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

20.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

21.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Interim Order.

**Dated: April 10th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**