**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ROYAL INTERCO, LLC, *et al.*,[1] | Case No. 25-10674 (TMH) |
| Debtors. | Jointly Administered |
| | Related D.I. 16 |

**LIMITED OBJECTION OF TREA RIVERSIDE 202 INDUSTRIAL LLC
TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND
(B) USE CASH COLLATERAL, (II) GRANTING LIENS AND PROVIDING CLAIMS
WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III)
GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDERS,
(IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A
<u>FINAL HEARING AND (VI) GRANTING RELATED RELIEF</u>**

TREA Riverside 202 Industrial LLC ("<u>TREA</u>" or "<u>Lessor</u>"), by and through its undersigned counsel, hereby files this limited objection (the "<u>Limited Objection</u>") to the *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* (the "<u>Financing Motion</u>") [D.I. 16],[2] and respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899). The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Financing Motion and accompanying documents.

{02114471;v2 }

## OBJECTION

A.  **Background.**

1.  Pursuant to, among other things, that certain (i) Amended and Restated Lease Agreement dated June 15, 2018 (the "Lease"),[3] and (ii) Assignment and Assumption of Lease dated July 19, 2019 (the "Assignment"),[4] TREA leases certain real property commonly known and referred to a 2060 South 51st Avenue, Phoenix, AZ (the "Property") to debtor Royal Paper, LLC (as successor to Royal Paper Converting, LLC) ("Tenant"). As of the date of the commencement of these bankruptcy cases, no less than $179,310.93 was (and remains) due and owing the Lessor under the Lease.

2.  Based on initial discussions with the Debtors, through counsel, it is Lessor's understanding that that the Lease will be assumed and assigned to the stalking horse bidder. And in that event, some or all of the concerns raised herein may be mooted. However, unless and until that outcome materializes, Lessor files this Limited Objection given the uncertainties in the Financing Motion and the effect of the relief sought therein.

A.  **Objections to Financing Motion.**

(1)  **No Encumbering of the Lease.**

3.  As a threshold matter, the Financing Motion is unclear as to its effect on the Lease and, specifically, whether any post-petition liens granted to the Proposed DIP Lenders will encumber it. To the extent the Financing Motion seeks that relief, it should be denied. The Lease, by its express terms, provides that it may not be encumbered absent consent of the Lessor. *See* Lease, 8.4, 8.6 ("Any sale, assignment, mortgage, hypothecation or transfer of this Lease or subletting of the Premises by Tenant which does not comply with the provisions of this

---

[3] A copy of the Lease is attached hereto as **Exhibit A**.
[4] A copy of the Assignment is attached hereto as **Exhibit B**.

Paragraph 8 shall be voidable, at [Lessor's] option, and shall constitute a default under this Lease"). For the avoidance of doubt, Lessor objects to and does not consent to any lien being placed on the Lease. Accordingly, to the extent the Motion seeks to encumber the Lease, it should be denied as the Lease prohibits the same. If the Debtors (and the Proposed DIP Lenders) do not seek to encumber the Lease, Lessor respectfully requests that such clarification be made in any order approving the Financing Motion.

      **(2)      Remedies Upon "Event of Default."**

4.      Apart from the (potential) encumbering of the Lease, the Financing Motion (and the Postpetition Credit Agreement attached thereto), provides that the Proposed DIP Lenders may, upon the occurrence of an "Even of Default" by the Debtors, exercise whatever rights are available to them – notwithstanding Section 362 of the Bankruptcy Code. *See* Postpetition Credit Agreement § 8.2. Whatever rights the Proposed DIP Lenders may have (or may be granted), they should not be permitted to access the Premises as and how they desire. In such an event, appropriate and reasonable notice must be given to the Lessor, and stay relief should be a condition to entry. Also, the Proposed DIP Lenders, to the extent they seek to realize on any of their collateral, must be required to safeguard the Premises and pay the Lessor for the continued preservation of such collateral.

      **(3)      Insurance Proceeds Regarding the Premises.**

5.      Any order granting the Financing Motion should make clear that any insurance proceeds arising from the loss or damage to the Lessor's property (i.e., the Premises) cannot be subject to any lien.

      **(4)      Stub Rent and Other Lease Obligations Must be Paid, and Adequate Protection Must be Provided.**

6.	Despite the Debtors' ongoing use and occupancy of the Premises for the direct benefit of the Proposed DIP Lenders, the Debtors have failed to pay post-petition rent for the period commencing on the Petition Date to the date of this Limited Objection (the "Stub Rent"). And, to be clear, no rent for April 2025 has been paid.  It is unclear whether Stub Rent is included in the Budget, and thus Lessor files this Limited Objection to ensure that it is paid or otherwise provided for.

7.	Due to the consolidation of all expenses into a single "Total Operating Expenses" line item, it is unclear whether the Budget provides sufficient funds for the payment of all other additional post-petition rental obligations that may become due under the Lease pursuant to Section 365(d)(3) of the Bankruptcy Code through the rejection or assumption of the Lease (together with the Stub Rent, the "Post-Petition Rent"), including, but not limited to, May rent, and other charges that may arise outside of the monthly recurring rental obligations.[5]  As such, Lessor is entitled, and hereby requests, adequate protection for the continued use of the Premises given the lack of clarity regarding whether the Debtors can and will be able to pay in full all Post-Petition Rent.

**(5)	Section 506(c) Should Not Be Waived.**

8.	Lessor objects to the approval of any 506(c) waiver for the benefit of the Proposed DIP Lenders prior to the payment, budgeting, or otherwise providing for the Debtors' ability to pay the Post-Petition Rent, including the administrative Stub Rent, incurred in these cases.

---

[5] Lessor reserves the right to seek attorneys' fees resulting from the preparation and filing of this Limited Objection. *See* Lease, 19.14.

## CONCLUSION

The Court should require the final financing order be modified consistent with this Limited Objection, and grant such further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 24, 2025<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Ricardo Palacio*<br>Ricardo Palacio (No. 3765)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>Phone: (302) 654-1888<br>Email: RPalacio@ashbygeddes.com<br><br>-and-<br><br>**GOE FORSYTHE & HODGES LLP**<br>Robert P. Goe, Esq.<br>17701 Cowan Avenue, Suite 210 (Lobby D)<br>Irvine, CA 92614<br>Phone: (949) 798-2460<br>Email: rgoe@goeforlaw.com<br><br>*Counsel for TREA Riverside 202 Industrial LLC* |