# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ROYAL INTERCO, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10674 (TMH)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>May 20, 2025, at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>May 13, 2025, at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") as follows:

### RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing an orderly, regular process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by professionals retained in these chapter 11 cases. Specifically, the Debtors propose that the payment of fees and reimbursement of expenses of the professionals retained in these chapter11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899). The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

cases be structured in accordance with the procedures annexed as **Exhibit 1** to the Proposed Order and incorporated herein by reference (the "Compensation Procedures").[2]

2. Moreover, the Debtors request that the Court limit service of the Fee Applications to the Notice Parties, each as defined below. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive notice of only the hearings on the Fee Applications (the "Hearing Notices"). Serving the Fee Applications and Hearing Notices in this manner will permit the parties most active in these cases to review and object to the fees and expenses of the retained professionals and will save unnecessary duplication and mailing expenses.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that

---

[2] Unless specifically set forth herein, and for the avoidance of doubt, the Debtors' proposed Compensation Procedures shall not override compensation procedures in any separate order of the Court approving the employment and retention of any Professional.

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. The statutory bases for the relief requested herein are sections 105(a), 330(a), and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rule 2016-1.

## **BACKGROUND**

**A.     General Background**

6. On April 8, 2025 (the "<u>Petition Date</u>"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On April 18, 2025, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") pursuant to section 1102 of the Bankruptcy Code (D.I. 79).

7. The Debtors are a leading manufacturer of high-quality paper products— bath tissue, paper towels, facial tissue, and napkins—offering a broad range of products and packaging configurations to service their regional and national customers. As a fully integrated manufacturer, the Debtors maintain complete control over the papermaking and converting process from selecting the pulp and raw materials for their wholly-owned paper mill in Gila Bend, Arizona, to converting parent rolls into customer-specific products at their converting facilities in Phoenix, Arizona, and Duncan, South Carolina, to distributing and shipping finished goods to their customers in the At-Home market (*i.e.,* significant US retailers and distributors) and Away-from-Home markets (*i.e.*, hotels, schools, and office buildings). The Debtors' capability to produce

customer-specific products and their strong customer relationships are critical in today's market, where demand for the Debtors' products is at a record high.

8. Additional details regarding the Debtors, their business and the events leading to the commencement of these cases is set forth in the *Declaration of Michael Ragano in Support of First Day Relief* (D.I. 3) (the "Ragano Declaration"), which is incorporated herein by reference.

B. **Retention of Professionals in these Cases**

9. The Debtors have filed applications to retain the following professionals in these chapter 11 cases: (a) Morris, Nichols, Arsht & Tunnell LLP, as counsel; (b) Livingstone Partners LLC, as investment banker; and (c) Epiq Corporate Restructuring, LLC as administrative advisor (collectively, with any other subsequently retained professionals under section 327 of the Bankruptcy Code, the "Debtor Professionals").

10. In addition, the Committee may file applications to employ professionals in connection with these chapter 11 cases (the "Committee Professionals" and, together with the Debtor Professionals, the "Professionals").

C. **The Proposed Compensation Procedures**

11. As detailed in **Exhibit 1** to the Proposed Order, and incorporated herein by reference, the Compensation Procedures will establish a streamlined process for payment of retained Professionals during these cases. Pursuant to the Compensation Procedures, the Professionals will file and serve monthly fee applications (the "Monthly Fee Applications") with the Court for approval of 80% of their fees and 100% of expenses incurred, upon notice to key parties, including the Debtors, proposed counsel to the Debtors, proposed counsel to the Committee, counsel to the Agent for the Debtors' DIP Facility, and the U.S. Trustee (collectively, the "Notice Parties"). Every three months, the Professionals will file and serve interim fee

applications (the "Interim Fee Applications") with the Court for approval of the 20% holdback of their fees. At the conclusion of these chapter 11 cases, each Professional will file and serve final fee applications (the "Final Fee Applications," and, collectively with the Monthly Fee Applications and Interim Fee Applications, the "Fee Applications") for final approval of 100% of their fees and 100% of their expenses.

12. The Debtors believe that the proposed Compensation Procedures will enable the Debtors to (a) closely monitor the costs of administering these chapter 11 cases, (b) maintain an appropriate level of liquidity so as to ensure the Debtors' continued ability to satisfy these costs, and (c) forecast cash flows that account for the amount and timing of these costs. Moreover, the proposed Compensation Procedures will streamline administration of these cases and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee, and other parties in interest.

**BASIS FOR RELIEF**

13. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

14. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court

5

> may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Under section 331, professionals are limited to seeking payment of fees and expenses to no more than three times per year. However, section 331 also expressly allows a court to permit the more frequent filing of such applications. In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

15. Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases. *See Mariner Post-Acute Network, Inc.*, 257 B.R. at 727–28 (approving entry of such an order and explaining that more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on the debtors' professionals, while also permitting debtors to "better manage their cash flow"). Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization. *See id.* at 730 (citing *In re Knudsen Corp.*, 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988)).

17. Here, the proposed Compensation Procedures are justified and in the best interest of the Debtors' estates and their creditors. The proposed Compensation Procedures will: (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to these cases; (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (c) substantially reduce the burden imposed

on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (d) reduce financial burdens on the Professionals associated with having to wait until the conclusion of these cases for compensation and reimbursement of expenses. Moreover, absent streamlined Compensation Procedures, the review process of the Fee Applications could create an exceptional burden to the Debtors, the Court, the Professionals, and other parties in interest. The proposed Compensation Procedures will greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial resources. Accordingly, the Debtors submit the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates and their creditors, and as such should be granted.

## **NOTICE**

18. Notice of this Motion is being provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Agent for the Debtors' DIP Facility; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated: April 30, 2025
      Wilmington, Delaware

Respectfully submitted,

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Scott D. Jones*
Robert J. Dehney, Sr. (No. 3578)
Matthew O. Talmo (No. 6333)
Scott D. Jones (No. 6672)
Clint M. Carlisle (No. 7313)
Brianna N. V. Turner (No. 7468)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
      mtalmo@morrisnichols.com
      sjones@morrisnichols.com
      ccarlisle@morrisnichols.com
      bturner@morrisnichols.com

*Proposed Counsel to the Debtors and Debtors in Possession*