# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ROYAL INTERCO, LLC, *et al.*, | Case No. 25-10674 (TMH) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF AMENDED AGENDA[2] FOR HEARING SCHEDULED FOR MAY 2, 2025, AT 10:00 A.M. (EASTERN TIME)

> **This proceeding will be conducted in-person in courtroom 7. All counsel and witnesses are expected to attend unless permitted to appear remotely via Zoom. Please refer to Judge Horan's Chambers Procedures and the Court's website (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate remotely, the method of allowed participation (video or audio), Judge Horan's expectations of remote participants, and the advance registration requirements.**
>
> **Registration is required by 4:00 p.m. (ET) the business day prior to the scheduled hearing using the eCourt Appearances tool available on the Court's website.**

## MATTERS UNDER CERTIFICATION

1. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor and Continue Customer Programs and Customer Obligations in the Ordinary Course of Business, and (II) Granting Related Relief (D.I. 10, filed 4/8/25).

   Objection Deadline: April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee.

   Responses Received: None

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899).  The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

[2] Amended items appear in **bold**.

Related Documents:

A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

B. Interim Order (I) Authorizing the Debtors to Honor and Continue Customer Programs and Customer Obligations in the Ordinary Course of Business, and (II) Granting Related Relief (D.I. 48, entered 4/10/25);

C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

D. Certificate of No Objection Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor and Continue Customer Programs and Customer Obligations in the Ordinary Course of Business, and (II) Granting Related Relief (D.I. 110, filed 4/30/25)**; and**

E. **Final Order (I) Authorizing the Debtors to Honor and Continue Customer Programs and Customer Obligations in the Ordinary Course of Business, and (II) Granting Related Relief (D.I. 112, entered 4/30/25).**

**Status:  An order has been entered.  No hearing is necessary.**

2. Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Employment Agreements *Nunc Pro Tunc* to the Petition Date and (II) Granting Related Relief (D.I. 70, filed 4/16/25).

    Objection Deadline:  April 25, 2025, at 4:00 p.m. (ET); Extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee and the U.S. Trustee.

    Responses Received: None.

    Related Documents:

    A. Certificate on No Objection Regarding Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Employment Agreements *Nunc Pro Tunc* to the Petition Date and (II) Granting Related Relief (D.I. 109, filed 4/30/25);

    B. **Amended Certificate on No Objection Regarding Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Employment Agreements *Nunc Pro Tunc* to the Petition Date and (II) Granting Related Relief (D.I. 113, filed 4/30/25); and**

    C. **Order Authorizing the Debtors to Reject Certain Employment Agreements *Nunc Pro Tunc* to the Petition Date and (II) Granting Related Relief (D.I. 116, entered 4/30/25).**

    **Status:  An order has been entered.  No hearing is necessary.**

**MATTERS GOING FORWARD**

3. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Policies and Agreements Relating Thereto in the Ordinary Course of Business, Including Premium Finance Agreements, (B) Honor Certain Prepetition Obligations in Respect Thereof, and (C) Renew, Revise, Extend, Supplement, Change or Enter into New Insurance Coverage and Premium Finance Agreements as Needed in their Business Judgment, and (II) Granting Related Relief (D.I. 7, filed 4/8/25).

    Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Committee").

    Responses Received:

    A. Informal comments from the Committee.

    Related Documents:

    A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

    B. Interim Order (I) Authorizing Debtors to (A) Continue Insurance Policies and Agreements Relating Thereto in the Ordinary Course of Business, Including Premium Finance Agreements, (B) Honor Certain Prepetition Obligations in Respect Thereof, and (C) Renew, Revise, Extend, Supplement, Change or Enter into New Insurance Coverage and Premium Finance Agreements as Needed in their Business Judgment, and (II) Granting Related Relief (D.I. 46, entered 4/10/25);

    C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

    D. Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Policies and Agreements Relating Thereto in the Ordinary Course of Business, Including Premium Finance Agreements, (B) Honor Certain Prepetition Obligations in Respect Thereof, and (C) Renew, Revise, Extend, Supplement, Change or Enter into New Insurance Coverage and Premium Finance Agreements as Needed in their Business Judgment, and (II) Granting Related Relief (**D.I. 122, filed 5/1/25).**

    **Status:  A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise.**

4. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees, and (II) Granting Related Relief (D.I. 8, filed 4/8/25).

    Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee.

Responses Received:

A.  Informal comments from the Committee.

Related Documents:

A.  Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

B.  Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees, and (II) Granting Related Relief (D.I. 47, entered 4/10/25);

C.  Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

D.  Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees, and (II) Granting Related Relief **(D.I. 125, filed 5/1/25).**

**Status:  A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise.**

5.  Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Services, (II) Approving Proposed Adequate Assurance of Payment to Utility Providers and Authorizing Debtors to Provide Additional Assurance, (III) Establishing Procedures to Resolve Requests for Additional Assurance and (IV) Granting Related Relief (D.I. 9, filed 4/8/25).

    Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee.

    Responses Received:

    A.  Informal comments from the Committee; and

    B.  Objection of Arizona Public Service Company and Salt River Project to the Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers from Altering Refusing or Discontinuing Utility Services, (II) Approving Proposed Adequate Assurance of Payment to Utility Providers and Authorizing Debtors to Provide Additional Assurance, (III) Establishing Procedures to Resolve Requests For Additional Assurance and (IV) Granting Related Relief (D.I. 69, filed 4/16/25).

    Related Documents:

    A.  Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

4

    B. Interim Order (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Services, (II) Approving Proposed Adequate Assurance of Payment to Utility Providers and Authorizing Debtors to Provide Additional Assurance, (III) Establishing Procedures to Resolve Requests for Additional Assurance and (IV) Granting Related Relief (D.I. 44, entered 4/10/25); and

    C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25).

**Status: This matter is adjourned to the hearing scheduled for May 20, 2025, at 11:00 a.m. (ET)**

6.    Debtors' Motion for Interim and Final Orders (I) Authorizing Payment of Prepetition Claims of Certain Critical Vendors and (II) Granting Related Relief (D.I. 11, filed 4/8/25).

    Objection Deadline: April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee and the U.S. Trustee.

    Responses Received:

    A. Informal comments from the Committee; and

    B. The Official Committee Of Unsecured Creditors Statement Regarding (A) Debtors Motion For Interim And Final Orders (I) Authorizing Payment Of Prepetition Claims Of Certain Critical Vendors And (II) Granting Related Relief And (B) Debtors Motion For Entry Of Interim And Final Orders (I) Authorizing The Payment Of Certain Claims Of Possessory Claimants, And (II) Granting Related Relief (D.I. 103, filed 4/28/25).

    Related Documents:

    A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

    B. Interim Order (I) Authorizing Payment of Prepetition Claims of Certain Critical Vendors and (II) Granting Related Relief (D.I. 49, entered 4/10/25); and

    C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25)**; and**

    D. **Certification of Counsel Regarding Debtors' Motion for Interim and Final Orders (I) Authorizing Payment of Prepetition Claims of Certain Critical Vendors and (II) Granting Related Relief (D.I. 121, filed 5/1/25).**

**Status: A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise.**

7. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Claims of Possessory Claimants, and (II) Granting Related Relief (D.I. 12, filed 4/8/25).

   Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee and the U.S. Trustee.

   Responses Received:

   A. Informal comments from the Committee; and

   B. The Official Committee Of Unsecured Creditors Statement Regarding (A) Debtors Motion For Interim And Final Orders (I) Authorizing Payment Of Prepetition Claims Of Certain Critical Vendors And (II) Granting Related Relief And (B) Debtors Motion For Entry Of Interim And Final Orders (I) Authorizing The Payment Of Certain Claims Of Possessory Claimants, And (II) Granting Related Relief (D.I. 103, filed 4/28/25).

   Related Documents:

   A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

   B. Interim Order (I) Authorizing the Payment of Certain Claims of Possessory Claimants, and (II) Granting Related Relief (D.I. 50, entered 4/10/25);

   C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

   D. Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Claims of Possessory Claimants, and (II) Granting Related Relief **(D.I. 123, filed 5/1/25).**

   **Status:  A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise.**

8. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Maintain Employee Benefits Programs, and (II) Granting Related Relief (D.I. 13, filed 4/8/25).

   Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee.

   Responses Received:

   A. Informal comments from the Committee.

Related Documents:

A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

B. Interim Order (I) Authorizing, but Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Maintain Employee Benefits Programs, and (II) Granting Related Relief (D.I. 51, entered 4/10/25);

C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

D. Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Maintain Employee Benefits Programs, and (II) Granting Related Relief (**D.I. 126, filed 5/1/25).**

**Status:  A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise.**

9. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain their Bank Accounts and Existing Business Forms, (D) Implement Changes to the Existing Cash Management System as Necessary, and (E) Continue Ordinary Course Intercompany Transactions; (II) Extending the Time to Comply with the Requirements of 11 U.S.C. § 345(b) and the U.S. Trustee's Operating Guidelines; and (III) Granting Related Relief (D.I. 14, filed 4/8/25).

Objection Deadline:  April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee.

Responses Received:

A. Informal comments from the Committee.

Related Documents:

A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

B. Interim Order (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain their Bank Accounts and Existing Business Forms, (D) Implement Changes to the Existing Cash Management System as Necessary, and (E) Continue Ordinary Course Intercompany Transactions; (II) Extending the Time to Comply with

      the Requirements of 11 U.S.C. § 345(b) and the U.S. Trustee's Operating Guidelines; and (III) Granting Related Relief **(D.I. 52, entered 4/10/25).**

   C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25); and

   D. Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain their Bank Accounts and Existing Business Forms, (D) Implement Changes to the Existing Cash Management System as Necessary, and (E) Continue Ordinary Course Intercompany Transactions; (II) Extending the Time to Comply with the Requirements of 11 U.S.C. § 345(b) and the U.S. Trustee's Operating Guidelines; and (III) Granting Related Relief **(D.I. 127, filed 5/1/25).**

   **Status: A revised proposed final order has been filed under certification of counsel. No hearing is necessary unless the Court directs otherwise**

10.   Debtors' Motion for (I) an Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry into Stalking Horse Agreement and Related Bid Protections (C) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (III) Certain Related Relief (D.I. 15, filed 4/8/25).

   Objection Deadline: April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee and the U.S. Trustee.

   Responses Received:

   A. Informal comments from the U.S. Trustee;

   B. Informal comments from the Committee; and

   C. Reservation of Rights of the Official Committee of Unsecured Creditors in Connection With the Debtors Motion for Entry of an Order Approving Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets (D.I. 102, filed 4/28/25).

Related Documents:

A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

B. Notice of Debtors' Motion for (I) An Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry Into Stalking Horse Agreement and Related Bid Protections (C) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief; (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (III) Certain Related Relief (D.I. 55, filed 4/10/25);

C. Notice of (I) Possible Treatment of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto (D.I. 66, filed on 4/15/25);

D. Notice of Sale, Bid Procedures, Auction and Sale Hearing (D.I. 67, filed on 4/25/25); and

E. *Amended* Notice of (I) Possible Treatment of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto (D.I. 106, filed on 4/29/25); and

F. **Declaration of Joseph Greenwood in Support of (I) Bid Procedures and Sale Motion and (II) DIP Financing and Cash Collateral Motion (D.I. 128, filed 5/1/25);**

G. **Declaration of Michael Ragano in Support of (I) Bid Procedures and Sale Motion and (II) DIP Financing and Cash Collateral Motion (D.I. 129, filed 5/1/25); and**

H. **Notice of Filing of Revised Proposed Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry Into Stalking Horse Agreement and Related Bid Protections (C) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief; (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (III) Certain Related Relief (D.I. 130, filed 5/2/25).**

**Status:** The Debtors understand they have resolved the informal comments of the U.S. Trustee and the objection of the Committee and will present the revised form of order to the Court. This matter is going forward.

11. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Term Loan Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief (D.I. 16, filed 4/8/25).

    Objection Deadline: April 24, 2025, at 4:00 p.m. (ET); extended to April 28, 2025, at 4:00 p.m. (ET) for the Committee; extended to April 29, 2025, at 12:00 p.m. (ET) for the U.S. Trustee.

    Responses Received:

    A. Limited Objection TREA Riverside 202 Industrial LLC to Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief (D.I. 97, filed 4/24/25);

    B. Objection of the Official Committee of Unsecured Creditors to Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling Final Hearing, and (VI) Granting Related Relief (D.I. 104, filed 4/28/25); and

    C. United States Trustee's Objection to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief (D.I. 105, filed 4/29/25).

    Related Documents:

    A. Declaration of Michael Ragano in Support of First Day Relief (D.I. 3, filed 4/8/25);

    B. Order Authorizing Debtors to: (A) Use Cash Collateral on an Emergency Basis Pending a Final Hearing; (B) Incur Postpetition Debt on an Emergency Basis Pending a Final

Hearing; and (C) Grant Adequate Protection and Provide Security and Other Relief to NXT Capital, LLC, as Agent and the Lenders (D.I. 53, entered 4/10/25);

C. Omnibus Notice of First Day Motions and Final Hearing Thereon (D.I. 54, filed 4/10/25);

D. Debtors' Witness and Exhibit List for May 2, 2025, Hearing (D.I. 107, filed 4/29/25); and

E. Notice of Filing of Final Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Security and Other Relief to NXT Capital, LLC, as Agent and the Lenders (**D.I. 115, filed 4/30/25**);

F. **Response of NXT Capital, LLC, as Prepetition Agent and Postpetition Agent, to Objection of the Official Committee of Unsecured Creditors and Objection of the United States Trustee to the Debtors' DIP Financing Motion (D.I. 117, filed 4/30/25);**

G. **Motion of NXT Capital, LLC for Leave to File Response in Support of Final Approval of the DIP Financing Motion (D.I. 118, filed 4/30/25);**

H. **Motion of Debtors for Leave to File Debtors' Reply in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief (D.I. 119, filed 4/30/25);**

I. **Debtors' Reply in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Lenders, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief (D.I. 120, filed 4/30/25);**

J. **Declaration of Joseph Greenwood in Support of (I) Bid Procedures and Sale Motion and (II) DIP Financing and Cash Collateral Motion (D.I. 128, filed 5/1/25);**

K. **Declaration of Michael Ragano in Support of (I) Bid Procedures and Sale Motion and (II) DIP Financing and Cash Collateral Motion (D.I. 129, filed 5/1/25); and**

L. **Notice of Filing of Revised Final Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and**

**Provide Security and Other Relief to NXT Capital, LLC, as Agent and the Lenders (D.I. 131, filed 5/2/25).**

**Status:**  The Debtors have resolved the objections of TREA Riverside 202 Industrial LLC and the Committee. The Debtors are working to resolve the objection of the U.S. Trustee. This matter is going forward.

Dated: May 2, 2025
      Wilmington, Delaware

Respectfully submitted,

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Clint M. Carlisle*
Robert J. Dehney, Sr. (No. 3578)
Matthew O. Talmo (No. 6333)
Scott D. Jones (No. 6672)
Clint M. Carlisle (No. 7313)
Brianna N. V. Turner (No. 7468)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
      mtalmo@morrisnichols.com
      sjones@morrisnichols.com
      ccarlisle@morrisnichols.com
      bturner@morrisnichols.com

*Proposed Counsel to the Debtors and Debtors in Possession*