**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ROYAL INTERCO, LLC, *et al.*,[1] | Case No. 25-10674 (TMH) |
| Debtors. | Jointly Administered |
| | **Related D.I. 106** |

**LIMITED OBJECTION OF TREA RIVERSIDE 202 INDUSTRIAL LLC
TO DEBTORS' AMENDED NOTICE OF (I) POSSIBLE TREATMENT OF
CONTRACTS AND LEASES, (II) FIXING OF CURE AMOUNTS, AND
(III) DEADLINE TO OBJECT THERETO**

TREA Riverside 202 Industrial LLC ("TREA" or "Lessor"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Amended Notice of (I) Possible Treatment of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* (the "Amended Cure Notice") [D.I. 106], and respectfully represents as follows:

## BACKGROUND

1. Pursuant to, among other things, that certain (i) Amended and Restated Lease Agreement dated June 15, 2018 (the "Lease"),[2] and (ii) Assignment and Assumption of Lease dated July 19, 2019 (the "Assignment"),[3] TREA leases certain real property commonly known and referred to a 2060 South 51st Avenue, Phoenix, AZ (the "Property") to debtor Royal Paper, LLC (as successor to Royal Paper Converting, LLC) ("Tenant").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899). The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.
[2] A copy of the Lease is attached hereto as **Exhibit A**.
[3] A copy of the Assignment is attached hereto as **Exhibit B**.

{02119375;v4 }

2. On April 8, 2025 (the "Petition Date"), the Debtors each commenced voluntary cases (the "Cases") under chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

3. On April 15, 2025, the Debtors filed the *Notice of (I) Possible Treatment of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto.* [D.I. 66]. On April 29, 2025, the Debtors filed the Amended Cure Notice. In the Amended Cure Notice, the Debtors reference TREA as a contract counterparty, identify the Lease as an unexpired lease that may be assumed and assigned, and list the cure amount for the Lease as $234,193.00 (the "TREA Cure Amount").

## LIMITED OBJECTION

4. TREA does not take issue with, nor does it object to, the TREA Cure Amount as the amount required to be paid to cure outstanding defaults under the Lease -- *as of the date of this Limited Objection*. TREA nonetheless files this Limited Objection to preserve its rights in the event any *future* defaults or obligations arise under the Lease, including additional attorneys' fees,[4] that must be cured at such time as the Court authorizes assumption, or assumption and assignment, of the Lease.

5. Indeed, Section 365(b)(1) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract. *See In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018) ("Cure is a critical component of assumption").

---

[4] TREA is entitled to attorneys' fees resulting from, among other things, the preparation and filing of this Limited Objection (and objecting to the Debtors' motion seeking debtor-in-possession financing). *See* Lease, 19.14; *See, e.g., In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

6. Accordingly, TREA requests that the Court require the Debtors, as a condition to any assumption and/or assignment of the Lease, to cure *all* defaults under the Lease by paying TREA (i) the full TREA Cure Amount, as well as (ii) any other obligations that may arise under the Lease (after the date hereof) prior to or at the time of assumption or assumption and assignment.

7. Furthermore, TREA requests that the Court require the Debtors and any potential assignee to acknowledge, and that any order approving cure amounts and assumption and assignment provide, that the assignee takes the Lease subject to all of its terms and conditions. Moreover, TREA requests that the Court require, as a condition to assumption and assignment of the Lease, that the assignee provide adequate assurance of future performance. As such, in the event the Stalking Horse Bidder is the successful bidder and designates an affiliate or special purpose entity as the assignee, the Stalking Horse Bidder must provide some form of guaranty, or otherwise properly (and adequately) capitalize its designee.

## **RESERVATION OF RIGHTS**

8. Nothing herein is intended to be, or should be construed as, a waiver by TREA of any of its rights under the Lease, the Bankruptcy Code, or applicable law, including other orders of this Court entered herein. TREA expressly reserves all such rights, including without limitation, the right to: (i) supplement and/or amend this Limited Objection and to assert additional objections to the assumption and/or assignment of the Lease on any and all grounds; (ii) join in any objection to the Amended Cure Notice by any other creditor or party in interest, to the extent such objection is not inconsistent with the arguments set forth herein; (iii) and raise the arguments made herein and additional arguments in connection with any hearing regarding the Amended Cure Notice.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, TREA hereby objects to Debtors' proposed cure amount for the Lease to the extent additional obligations arise under the Lease prior to its assumption. TREA respectfully requests that the Court enter an order consistent with the objections set forth above, requiring the Debtors to cure the defaults under the Lease by paying TREA the full TREA Cure Amount (and any other future obligations), and grant such other and further relief, at law or in equity, in favor of TREA as may be just and proper.

Dated:  May 12, 2025  
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*

Ricardo Palacio (No. 3765)  
500 Delaware Avenue, 8th Floor  
Wilmington, DE 19801  
Phone: (302) 654-1888  
Email: RPalacio@ashbygeddes.com

-and-

**GOE FORSYTHE & HODGES LLP**  
Robert P. Goe, Esq.  
17701 Cowan Avenue, Suite 210 (Lobby D)  
Irvine, CA 92614  
Phone: (949) 798-2460  
Email: rgoe@goeforlaw.com

*Counsel for TREA Riverside 202 Industrial LLC*