**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 25-10674 (TMH) |
| ROYAL INTERCO, LLC, *et al.*,[1] | Jointly Administered |
| Debtors. | Hearing Date: May 20, 2025 at 11:00 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR (I) AN ORDER PURSUANT TO SECTIONS 105, 363, 364, 365 AND 541 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006 AND 9007 AND DEL. BANKR. L.R. 2002-1 AND 6004-1 (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING THE DEBTORS' ENTRY INTO STALKING HORSE AGREEMENT AND RELATED BID PROTECTIONS (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) SCHEDULING AN AUCTION AND SALE HEARING; (E) APPROVING FORMS AND MANNER OF NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES IN CONNECTION THEREWITH; AND (F) GRANTING RELATED RELIEF; (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF CLAIMS, LIENS, AND ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) CERTAIN RELATED RELIEF (D.I. 15)**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned attorney, hereby files this reservation of rights in connection with the Debtors' proposed sale of substantially all of their assets pursuant to the Motion filed at Docket Number 15 (the "Sale Motion"), and in support thereof states:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899). The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

## JURISDICTION AND STANDING

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Sale Motion.

2.      The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code.  *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Sale Motion.

## BACKGROUND

4.      On April 8, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court.

5.      The Debtors remain in possession of their assets and continue to manage their business as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.      The U.S. Trustee appointed an Official Committee of Unsecured Creditors on April 18, 2025.  D.I. 79.

7.      On the Petition Date, the Debtors filed the Sale Motion, seeking approval of bid procedures relating to the sale, as well as seeking approval of the sale of substantially all of their assets.  On May 6, 2025, this Court entered an Order granting the relief as it relates to the bid procedures.  D.I. 149.

8.      Also on the Petition Date, the Debtors filed a motion seeking to obtain post-petition financing (the "DIP Motion").  D.I. 16. This Court entered an interim order granting the DIP Motion on April 10, 2025.  D.I. 53.

9.      The U.S. Trustee objected to final approval of the DIP Motion on April 29, 2025. D.I. 105. The U.S. Trustee objected on the grounds that the proposed financing did not provide for the payment of all administrative expense claims and the bankruptcy cases should not be run for the benefit of the secured lender on the backs of administrative claimants. *Id.*

10.     The Court granted final relief on the DIP Motion on May 5, 2025. D.I. 146. In doing so, the Court reserved all parties' rights regarding the administrative solvency of the Debtors to the sale hearing.

## **RESERVATION OF RIGHTS**

11.    It remains unclear if the sale will leave the Debtors administratively insolvent. The DIP budget does not provide for the payment of administrative claims asserted under 11 U.S.C. § 503(b)(9), nor does it provide for the payment of administrative claims that arose prior to the sale closing but remained unpaid at that time.

12.    Further, no wind-down budget has been filed with the Court; it remains unclear if the Debtors will have sufficient funds to conclude their cases.

13.    The U.S. Trustee reserves all rights until the evidentiary record, including relating to the issues set forth above, is complete.

14.    In addition, the schedules to the proposed asset purchase agreement have not been filed. The U.S. Trustee reserves the right to raise any objections arising out of such schedules at or before the hearing.

15.    Finally, the form of sale order has not been filed and the U.S. Trustee reserves the right to object to it.

16.    The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to (i) amend or supplement this reservation of rights, (ii) assert any objection, and (iii) conduct discovery.

Dated: May 12, 2025            Respectfully submitted,
       Wilmington, Delaware

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**Regions 3 and 9**

By: _/s/ Linda J. Casey._
    Linda J. Casey
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    Linda.Casey@usdoj.gov