# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROYAL INTERCO, LLC, *et al.*[1]<br><br>Debtors | Chapter 11<br><br>Case No. 25-10674 (TMH)<br><br>(Jointly Administered)<br><br>Re: Docket No. 201 |

**MOTION OF NXT CAPITAL, LLC FOR ENTRY OF AN ORDER GRANTING NXT CAPITAL, LLC LEAVE TO FILE ITS RESPONSE TO OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE UNITED STATES TRUSTEE, AND THE AD HOC GROUP OF 503(b)(9) CLAIMANTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

NXT Capital, LLC ("NXT"), as Prepetition Agent[2] and Postpetition Agent, by and through its undersigned counsel, respectfully submits this motion (the "Motion for Leave") with the United States Bankruptcy Court for the District of Delaware (the "Court") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to rule 9006-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing NXT to file and serve its response [Docket No. 201] (the "Response"), filed contemporaneously herewith, to the objections of the Official Committee of Unsecured Creditors (the "Committee") ([D.I. 168, 189], the "Committee Objection"), the objection of the United States Trustee ("UST") ([D.I. 169], the "UST Objection"), and the objection of the Ad Hoc Group of Section 503(b)(9) Claimants (the "Ad Hoc Group of Section 503(b)(9) Claimants") ([D.I. 187], the "Ad Hoc Group of Section 503(b)(9) Claimants Objection," and together with the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899). The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Response.

Committee Objection and the UST Objection, collectively, the "Objections"). In support of this Motion for Leave, NXT respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion for Leave in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Local Rule 9006-1(d).

2. Pursuant to Local Rule 9013-1(f), NXT consents to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### Background

3. On April 8, 2025, the Debtors filed the *Debtors' Motion for (I) An Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry into Stalking Horse Agreement and Related Bid Protections; (C) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and*

*Encumbrances, and (B) Approving the Assumption and Assignment of Designated executory Contracts and Unexpired Leases; and (III) Certain Related Relief* ([D.I. 15], the "<u>Sale Motion</u>").

4. On May 6, 2025, the Court entered an order ([D.I. 149], the "<u>Bid Procedures Order</u>"), granting certain relief requested in the Sale Motion, including, among other things: (a) approving the Debtors' bid procedures (the "<u>Bid Procedures</u>") in connection with the proposed auction (the "<u>Auction</u>") for the sale of substantially all of the Debtors' assets; (b) establishing dates and deadlines in connection with the sale, (c) approving Sofidel America Corp. ("<u>Sofidel</u>") as the Stalking Horse Bidder (as defined in the Bid Procedures), and (d) approving the Debtors' entry into the Stalking Horse Agreement (as defined in the Bid Procedures) with Sofidel.

5. In accordance with the Bid Procedures and the Bid Procedures Order, the Auction was held on May 15, 2025, at 10:00 a.m. (prevailing Eastern Time). At the conclusion of the Auction, the Debtors, after consultation with the Consultation Parties (as defined in the Bid Procedures), designated Sofidel as the winning bidder (the "<u>Successful Bidder</u>") for the sale of substantially all of the Debtors' assets (the "<u>Sale</u>"). *See* Docket No. 186.

6. Pursuant to the Bidding Procedures Order: (i) the deadline to file objections to the transactions contemplated by the Stalking Horse Agreement or to the sale of substantially all of the Debtors' assets was May 12, 2025 at 4:00 p.m. (ET) (the "<u>Sale Objection Deadline</u>"), (ii) the deadline to file an objection to the conduct of the Auction and the Debtors' selection of Sofidel as the Successful Bidder was May 19, 2025, at 11:59 p.m. (prevailing Eastern Time) (the "<u>Supplemental Sale Objection Deadline</u>," and together with the Sale Objection Deadline, the "<u>Objection Deadlines</u>"), and (ii) a hearing to consider the relief requested in the Sale Motion with respect to approval of the Sale was scheduled for May 22, 2025 at 10:00 a.m. (prevailing Eastern Time) (the "<u>Hearing</u>").

7. Prior to the applicable Objection Deadlines, the Committee, the UST, and the Ad Hoc Group of Section 503(b)(9) Claimants filed the Objections.

**Relief Requested**

8. By this Motion for Leave, NXT respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing NXT to file and serve its Response to the Objections and in support of the Sale Motion beyond the deadline set forth in Local Rule 9006-1(d). Pursuant to the Response filed contemporaneously with the Motion for Leave, NXT will address certain issues raised in the Objections.

**Basis for Relief**

9. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). Pursuant to Local Rule 9029-3(a)(i), hearing agendas shall be filed "on or before 12:00 p.m. prevailing Eastern Time 2 business days before the date of the hearing." Del. Bankr. L.R. 9029-3(a)(i). The agenda for the Hearing was due by 12:00 p.m. (ET) on May 20, 2025. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Response was 4:00 p.m. (ET) on May 19, 2025 (the "Reply Deadline"). Absent leave of the Court, NXT would be unable to file and serve the Response, and the Court would be denied the opportunity to review NXT's responses to the Objections in advance of the Hearing.

10. NXT submits that cause exists to grant the relief requested by this Motion for Leave and approve an extension of the time by which to file the Response under Local Rule 9006-1(d) for at least four reasons. First, because the Supplemental Sale Objection Deadline was after the Reply Deadline, NXT could not review and respond to all of the Objections in advance of the Reply Deadline. Second, NXT has engaged in discussions with counsel to the Debtors who have

4

been negotiating with certain of the objecting parties to narrow the scope of the issues before the Court. NXT's submits that its opportunity to respond to the Objections should not be foreclosed as a result of its efforts to reach consensual resolutions with the objecting parties. Third, the Court's consideration of the Response will help streamline argument at the Hearing and otherwise assist the Court in ruling on the Sale Motion. Fourth, permitting NXT to file its Response after the Reply Deadline will not prejudice any parties, as the objecting parties are aware of the issues addressed by the Response and other parties will have sufficient time to review the Response in advance of the Hearing. Accordingly, NXT submits the relief requested herein is reasonable under the circumstances and should be approved.

### Notice

11. Notice of this Motion for Leave will be given to: (i) the UST; (ii) proposed counsel for the Debtors, (iii) proposed counsel for the Committee, and (iv) counsel to the Ad Hoc Group of Section 503(b)(9) Claimants. NXT believes that no other or further notice is required under the circumstances.

### No Prior Request

12. No previous request for the relief sought herein has been made by NXT to this Court or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the reasons set forth herein, NXT respectfully requests that the Court enter the Proposed Order and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 20, 2025<br>Wilmington, Delaware | */s/ John H. Knight*<br>John H. Knight (No. 3848)<br>Paul N. Heath (No. 3704)<br>James F. McCauley (No. 6991)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>Email: knight@rlf.com<br>heath@rlf.com<br>mccauley@rlf.com<br><br>-and-<br><br>Randall L. Klein (admitted *pro hac vice*)<br>Prisca M. Kim (admitted *pro hac vice*)<br>Eva D. Gadzheva (admitted *pro hac vice*)<br>**GOLDBERG KOHN LTD.**<br>55 East Monroe St., Ste. 3300<br>Chicago, IL 60603<br>Telephone: (312) 201-4000<br>Facsimile: (312) 332-2196<br>E-mail: randall.klein@goldbergkohn.com<br>prisca.kim@goldbergkohn.com<br>eva.gadzheva@goldbergkohn.com<br><br>*Counsel for NXT Capital, LLC* |